UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST IMPERIAL CREDIT UNION, a California corporation,<br><br>Defendant. | Case No.: 16-CV-1851-DMS-WVG<br><br>**ORDER DENYING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 18]** |

# I. BACKGROUND

Present before the Court is the parties Joint Motion ("Motion") to modify the Scheduling Order and extend deadlines for discovery. (ECF No. 18.) On December 20, 2016, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b) that set January 31, 2017 as the date by which the parties were to "complete the inspection of Defendant First Imperial Credit Union." (ECF No. 13 at 2.) In their Motion, the parties state that they have agreed to conduct the inspection of Defendant's facility on February 14, 2017 and have scheduled the inspection for the same day. (ECF No. 18 at 2.) Given this, the parties request the Court extend the deadline by which this must be completed to February 28, 2017. (*Id.*)

/ / /

## II. RULING

The Court does not find good cause to grant this request and hereby **DENIES** the Joint Motion with prejudice for the reasons set forth below.

### A. NO GOOD CAUSE SHOWN

Pursuant to FRCP 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it [ ]" and FRCP "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

FRCP 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit Court of Appeal explained,

> …Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

> In part, the "good cause" standard requires the parties to demonstrate that

"noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [their] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference…" *Jackson*, 186 F.R.D. at 608. However, "carelessness is not compatible with a finding of diligence and offers no basis for a grant of relief." *Johnson*, 975 F.2d at 609.

Here, the parties have offered no cause, let alone good cause for amending the Scheduling Order. The parties simply agreeing to a date past the deadline established by the Court does not substitute diligence and establish good cause. Rather, it appears the parties "cavalierly disregarded" the scheduling order, at their own peril, and assumed the Court would simply rubber stamp their request. *Johnson*, 975 F.2d at 610. The parties have utterly failed to show good cause for both failing to schedule the inspection of the premises within the time frame set by the Court and for waiting until the eleventh hour to file a motion to request an extension of time. The Court expected the parties to demonstrate far more enthusiasm in conducting the inspection of Defendant's credit union. It was certainly in the interest of all the parties to this lawsuit to convene at the credit union, inspect the overdraft protection program, and then swiftly analyze the merits of Plaintiff's claims and Defendant's defenses.

Given the lackadaisical approach displayed by all parties to perform this simple task, the Court is left with the unmistakable impression that inspecting the credit union was not that important. The Court sincerely hopes this is not the approach that counsel intends to take with their other discovery obligations.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** the Joint Motion with prejudice.
**IT IS SO ORDERED**.

Dated: February 1, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge